# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| GAY SHEPHERD, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:16-cv-00091 |
| | ) CHIEF JUDGE CRENSHAW |
| STATE OF TENNESSEE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Gay Shepherd filed this employment law action against the State of Tennessee ("Tennessee"), alleging violations of federal law arising from her employment with Tennessee Tech University ("Tennessee Tech"), a "component of the Tennessee Board of Regents." (Doc. No. 1.) Both Tennessee Tech and the Tennessee Board of Regents are divisions of Tennessee. (Doc. No 1 at 2.) Before the Court is Tennessee's Motion to Dismiss. (Doc. No. 7.) For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART**.

I.  ALLEGATIONS

Shepherd worked for Tennessee Tech's police department since 1979, and was its Chief of Police for eighteen years until Tennessee Tech forced her to resign on June 20, 2014. (Doc No. 1 at 2-3.) At the time of her resignation, Shepherd was (1) the only female police chief at any Tennessee Board of Regents' universities; (2) the only openly-gay police chief in the Tennessee Board of Regents' universities; and (3) the only female in Tennessee Tech's police department. (Doc. No. 1 at 3.) She was also the lowest paid police chief, despite having a longer term of service than others. (Doc. No. 1 at 3.)

In the mid-1990s, Tennessee Tech transferred the police department from the Student Affairs Department to the Business and Fiscal Affairs Department. This occurred because Shepherd's sexual orientation was offensive to the Vice President of Student Affairs Marc Burnett's religious convictions. (Doc. No. 1 at 4.) When Dr. Philip Oldham became Tennessee Tech's president in 2013, Oldham decided to return the Police Department to the Department of Student Affairs and Burnett. (Doc. No. 1 at 4.) "Almost immediately there were problems originating with [ ] Burnett's prejudices against [ ] Shepherd's age, gender, sexual orientation and her failure to share his same religious beliefs." (Doc. No. 1 at 4.) For example, Burnett would not communicate with Shepherd, setting her up for failure in completing certain tasks. (Doc. No. 1 at 5.) Burnett also decided to order new uniforms for all the male police officers, but did not order one for Shepherd. (Doc. No. 1 at 5.) Shepherd reported Burnett's harassment to Tennessee Tech's Internal Audit officer, which advised Shepherd that there was not enough to warrant a formal complaint but it was "really close." (Doc. No. 1 at 5.)

II. STANDARD OF REVIEW

The United States Court of Appeals for the Sixth Circuit has described the standard of review on a motion to dismiss as follows:

> Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," id., and to "state a claim to relief that is plausible on its fact," id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. And although we must accept all well-pleaded factual allegations in the complaint as true, we need not "accept as true a legal conclusion couched as a factual allegation."

Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Iqbal, 556 U.S. at 678.

Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

III. ANALYSIS

Shepherd brings three causes of action against Tennessee arising from her low pay and constructive discharge: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; (2) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; and (3) sexual orientation discrimination in violation of Title VII. (Doc. No. 1.)

A. ADEA

The State of Tennessee is immune from suit under the ADEA. Kimel v. Fl. Bd. of Regents, 528 U.S. 62, 91 (2000); Coger v. Bd. of Regents of State of Tenn., 209 F.3d 485 (6th Cir. 2000); Hornberger v. Tennessee, 782 F. Supp. 2d 561, 568 (M.D. Tenn. 2011) (Trauger, J.). Shepherd asks the Court to overrule the Supreme Court's ruling in Kimel by finding it was wrongly decided. (Doc. No. 9 at 23.) However, the Court is required to "follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions." Rodriguez de Quijas v. Shearson/Am. Exp., Inc., 490 U.S. 477, 484 (1989). As a matter of settled law, the Court is required to dismiss Count I under the ADEA.

B. TITLE VII

The Complaint asserts two violations of Title VII: gender and sexual orientation discrimination. (Doc. No. 1 at 7.) Shepherd argues that she asserts facts to support additional claims, such as hostile work environment and religious discrimination claims (Doc. No. 9), but she does not include a "short and plain statement of the claim" in the Complaint. FED. R. CIV. P. 8(a)(2). Assuming the facts in the Complaint are true, there is no way that Tennessee would have

"fair notice" of Shepherd's hostile work environment and religious claims "and the grounds upon which they rest" until her Response to this Motion. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). The Court will, however, grant Shepherd leave to amend her Complaint to add her hostile work environment and religious discrimination claims, if she wishes to pursue them.

A. SEXUAL ORIENTATION DISCRIMINATION

Tennessee moves to dismiss the sexual orientation discrimination claim as not legally cognizable in the Sixth Circuit. (Doc. No. 8 at 6.) Shepherd responds that the Supreme Court signaled in Obergefell v. Hodges, 135 S.Ct 2584 (2015), that it "supports LGBT rights," and that view will not be affected with the addition of Justice Neal Gorsuch to the Court. (Doc. No. 9 at 9.) Shepherd also compiles multiple out-of-circuit cases that recognize sexual orientation discrimination as cognizable under Title VII.[1] (Doc. No. 9 at 10-19.) The Court is bound by published Sixth Circuit case law. A.B.C. Beverage Corp. v. United States, 756 F.3d 438, 441 (6th Cir. 2014). The Sixth Circuit has held, explicitly, that it does not recognize sexual orientation discrimination under Title VII. Vickers, 453 F.3d at 762. The Court must dismiss the sexual orientation discrimination claim in Count II.

B. GENDER DISCRIMINATION

Tennessee moves to dismiss Shepherd's gender discrimination claim because she does not identify a similarly-situated employee that was treated differently than her. (Doc. No. 8 at 8.) This is based on the mistaken belief that a plaintiff must establish a prima facie case under McDonnell Douglas, 411 U.S. 792 (1973), to survive a motion to dismiss. (Doc. No. 8 at 7.) However, "an

---

[1] Shepherd also cites one case from the United States District Court for the Northern District of Ohio that recognized gender stereotype discrimination. (Doc. No. 9 at 15 (citing Koren v. Oh. Bell Tel. Co., 894 F. Supp. 2d 1032, 1037 (N.D. Oh. 2012) (Gwin, J.) (citing Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 764 (6th Cir. 2006)). In the same Sixth Circuit case that recognized gender stereotype discrimination, the Sixth Circuit declined to recognize sexual orientation discrimination. Vickers, 453 F.3d at 762. At this stage, it does not appear Shepherd is attempting to bring a sex stereotype discrimination case, and therefore this case does not support Shepherd's argument that sexual orientation discrimination is cognizable under Title VII.

employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz, 534 U.S. at 508 (2002) (quoting FED. R. CIV. P. 8(a)(2)). The McDonnell Douglas test is "an evidentiary standard, not a pleading requirement." Id. "Applying the relevant standard, [the Complaint] easily satisfies the requirements of Rule 8(a) because it gives [Tennessee] fair notice of the basis for [Shepherd's] claims." Id. at 514. Shepherd alleges that she was paid less than men in her same position and that she was treated poorly by Burnett until she was constructively discharged on account of her gender in violation of Title VII. Taking the facts in the light most favorable to Shepherd, this states a gender discrimination claim in Count II under Title VII. The Court will not dismiss her claim at this stage.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE